# UNITED STATES COURT OF APPEALS
# FOR THE
# SECOND CIRCUIT

_____

      At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand and thirteen.

_____

Maria Cabrera, Individually and on behalf of all others similarly situated,

        Plaintiff - Appellant,

        v.

Nassau Medical Services, P.C.,

        Defendant - Appellee.

**ORDER**
Docket No. 12-3289

_____

      It appears that this case is moot for the lack of a genuine case or controversy. See U.S. Const. art. III, § 2, cl. 1. Defendant-appellee is not opposing the appeal, and, even assuming the district court erred in requiring the parties to seek court approval of their settlement, in the end the district court approved the settlement. It appears the only remaining controversy is plaintiff's claim to $1,000 in attorneys' fees, but we note that an "interest in attorney's fees is . . . insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 480 (1990); see also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 107-08 (1998) ("[A] plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit."). It is also unclear whether the July 17, 2012 order is an appealable order, as no adverse judgment was entered against plaintiff and plaintiff was not aggrieved by the July 17, 2012 order. See Trust for Certificate Holders of Merrill Lynch Mortg. Investors v. Love Funding Corp., 496 F.3d 171, 173 (2d Cir. 2007) ("[O]rdinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right under 28 U.S.C. § 1291 to appeal therefrom." (citation, alterations, and internal quotation marks omitted)).

      If the parties wish to pursue this appeal, they shall submit by May 1, 2013 letter briefs of no more than five pages in length addressing the following issues: (1) whether the district court's July 17, 2012 order is an appealable order under 28 U.S.C. § 1291; and (2) whether the case is moot for lack of a genuine case or controversy. If the parties do not submit supplemental briefing as ordered, we will dismiss the appeal.

      For the Court:

      Catherine O'Hagan Wolfe,
      Clerk of Court